# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

|  |  |  |
|---|---|---|
| | § | |
| RONNY F. WISE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:06-CV-110-C |
| | § | ECF |
| | § | Referred to the U.S. Magistrate Judge |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the court *sua sponte*.  Plaintiff filed his complaint on August 22, 2006, seeking review of the decision of the Commissioner denying his application for a period of disability and disability insurance benefits under Title II of the Social Security Act.  Plaintiff is proceeding *in forma pauperis* and *pro se* in this matter.

### I.   PROCEDURAL HISTORY

The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this matter to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment.  Plaintiff filed his complaint on August 22, 2006. Upon Plaintiff's application to proceed *in forma pauperis*, the court entered an Order Permitting Filing *In Forma Pauperis* and directing issuance of process on August 28, 2006 (Doc.5).  Defendant filed an answer on November 7, 2006, and a certified transcript of the administrative proceedings on November 8, 2006 (Doc. 10, 12).  On November 15, 2006, the court entered an order directing Plaintiff to serve upon the Defendant and file with the court a brief setting forth all of his claims of

error within 30 days (Doc. 13).  Plaintiff  failed to file his brief and failed to file a motion for

extension of time.  The court entered an Order to Show Cause on January 12, 2007, directing

Plaintiff to file a response showing cause for his failure to comply with the orders of the court and

to file his opening brief by **Friday, January 26, 2007**.

That deadline has elapsed.   Plaintiff has failed to file his opening brief and has failed to

show cause for his previous failure to comply with the orders of the court.

## II.   ANALYSIS

Pursuant to 42 U.S.C. § 405(g), the Plaintiff filed a complaint in the United States District

Court for review of a final decision of the Commissioner of Social Security.  *See Waters v. Barnhart*,

276 F.3d 716, 718 (5th Cir. 2002).  Plaintiff has failed to file a brief in support of his appeal of the

final decision of the Commissioner as was ordered by the court.  *See* order filed November 15, 2006

(Doc.13). Plaintiff has failed to respond in any manner to the court's orders to file a brief. The

court's order dated January 12, 2007, specifically advised Plaintiff that if he failed to file a brief by

Friday, January 26, 2007, the court would recommend to the District Court that judgment be entered

for the Defendant.

A district court has the inherent authority to dismiss an action for failure to prosecute, with

or without notice to the parties.  *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (citing *Link v.*

*Wabash Railroad Co.*, 370 U.S. 626, 630-31(1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20

(5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998).   A court may *sua*

*sponte* dismiss an action for failure to prosecute or to comply with any court order.  *Larson v. Scott*,

157 F.3d 1030, 1031 (5th Cir. 1998).   The court has the authority to order a party to submit a brief

in support of the party's position just as it has the authority to require oral argument or attendance

at conferences.  With regard to the court's inherent authority to dismiss *sua sponte*, the Fifth Circuit

has noted that the "power to invoke this sanction is necessary in order to prevent undue delays in

the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."

*Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31(1962)).

Although proceeding *pro se*, Plaintiff is nevertheless required to comply with the applicable local civil rules of this court, as well as the FEDERAL RULES OF CIVIL PROCEDURE.  *See* Northern District of Texas Civil Local Rule 83.14.  Plaintiff's failure to comply with the court's orders or with FEDERAL RULE OF CIVIL PROCEDURE 41(b), which provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with these rules or any order of the court," demonstrates a manifest lack of interest in litigating his claims.

Because of Plaintiff's failure to comply with the court's order, the court recommends that Plaintiff's complaint be dismissed with prejudice. The court also recommends that Plaintiff's complaint be dismissed with prejudice because Plaintiff, having failed to file any brief in support of his complaint, has thus failed to set forth any adequate claims of error in the Commissioner's decision.

## III.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States District Judge affirm the Commissioner's decision and dismiss the Plaintiff's complaint with prejudice.

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1) and Rule 4(a) of Miscellaneous Order No. 6, For the Northern District of Texas, any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 11 days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District

Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within 11 days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

DATED this 15th day of June, 2007.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**